IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHC REALTY, LLC., | § | |
| | § | |
| Debtor, | § | |
| | § | |
| | § | Case No. 11-30977-hcm |
| | § | |
| DHC REALTY, LLC., SPIRA | § | |
| SPORTSWEAR, LLC., and BASIC | § | |
| SPORTS APPAREL, INC., | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 11-03012 |
| | § | |
| v. | § | |
| | § | |
| GECU, ARMANDO C. MORENO and | § | |
| GRUPO ARTE CAPITAL CORP., | § | |
| | § | |
| Defendants. | § | |

**GOVERNMENT EMPLOYEES CREDIT UNION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW GOVERNMENT EMPLOYEES CREDIT UNION ("GECU"), a Defendant in the above-styled and referenced adversary proceeding, and files this its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted, as to this Defendant, pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating Federal Rules of Civil Procedure 12(b)(1) and (6), and in support thereof, would respectfully show the Court as follows:

{1793.444/HDAV/06241841.1}

1. DHC Realty, LLC ("Debtor") filed its Chapter 11 on May 23, 2011. Plaintiffs filed this adversary proceeding on May 24, 2011 by filing Plaintiff's Original Complaint and Request for Injunctive Relief (the "Complaint"). This Motion is GECU's initial pleading.

2. This Court does not have jurisdiction over this lawsuit because the causes of action asserted do not arise under Title 11 of the United States Code, and do not arise in and are not related to the DHC Realty, LLC Chapter 11. As such, this Honorable Court does not have jurisdiction over the claims asserted against GECU.

3. Further, the allegations of Plaintiffs do not support any cause of action against GECU.

## Background Facts

4. The Debtor alleges that it has six (6) loans with GECU secured by first liens on the Debtor's real property and equipment. A fair reading of the Complaint reflects that the only complaint that the Debtor has against GECU is that it sent default notices regarding the loans, which admittedly were delinquent. In addition, the Debtor was and is in default on those loans because, as shown on the Debtor's Schedules, it has not paid the 2009 and 2010 ad valorem taxes in the amount of approximately $260,000. The Debtor does not deny that its loans were in default. Further, the Debtor voices no complaint about any of these loans.

5. Basic Sports Apparel, Inc. ("BSA"), another Plaintiff, but not a Debtor, has a line of credit loan with GECU, secured by a second lien on the Debtor's collateral. There is no complaint by the Debtor or BSA about the making of that loan or the pledge of Debtor's collateral for that loan. All of the loans and pledges described in Paragraphs 4 and 5 were made prior to any actions complained of by any Plaintiff in this adversary proceeding. Spira Sportswear, LLC makes no allegations against GECU.

6. Instead of any complaints by the Debtor about GECU's conduct, BSA, a non-debtor, complains that GECU rejected its request for a bridge loan, something that GECU was entirely in its rights to do. GECU has no obligation to make any loan to BSA. BSA further complains that Arturo Moreno of GECU referred it to a third-party lender. There is no allegation that BSA was required by GECU to do business with Grupo Arte Capital Corp. ("Grupo Arte") or that it was coerced in any way to do so.

7. BSA further complains that GECU refused to restructure its line of credit loan to make it a direct loan to the Debtor. Again, GECU had no duty to do so.

8. The remainder of Plaintiffs' Complaint relates to BSA's dealings with Grupo Arte Capital Corp. and, other than the referral of BSA to Grupo Arte, these allegations do not relate, in any way, to GECU.

### Lack of Subject Matter Jurisdiction

9. Before getting into the merits of this adversary, this court must first address the issue of subject matter jurisdiction. *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281 (5th Cir.2007). Bankruptcy jurisdiction, like all federal jurisdiction, must be based in statute. *In re Bass,* 171 F.3d 1016, 1022 (5th Cir.1999). In this case, the pledge of Debtor's collateral to BSA's debt, prior to the time of any actions complained of in the adversary proceeding, is not sufficient to raise a dispute that is related to DHC Realty, LLC's Chapter 11 under 28 U.S.C. §1334(b).

10. The non-debtor Claims are not being brought by the Debtor, are based upon State Law and not Bankruptcy Code, are not created by title 11, could exist outside of this bankruptcy case, seek recovery for non-debtors only, would not increase or reduce the Debtor's assets or liabilities, would not have an effect on the bankruptcy estate in this case, and are not part of the

same claim or controversy. Consequently, neither "arising under", "arising in", nor "related to" jurisdiction exists with respect to the non-debtor Claims. "Arising under" jurisdiction refers to proceedings in which the claim is created by or based upon a provision of the Bankruptcy Code. *Concerto Software, Inc. v. Vitaquest Int'l, Inc.*, 290 B.R. 448,451 (D.Me. 2003). Stated otherwise, proceedings "arise under" title 11 if they involve a cause of the action created or determined by a statutory provision of Title 11. *In re Wood*, 825 F2d 90, 96 (5th Cir. 1987). Proceedings "arising in" Title 11 are those not based on any right expressly created by title 11, but would nevertheless have no existence outside bankruptcy. *Wood*, 825 F2d at 96; *Concerto Software*, 290 B.R. at 451. "Related to" jurisdiction exists if the outcome of the proceeding on a claim could conceivably have an effect on the estate being administered in bankruptcy. *Wood*, 825 F2d at 93. Federal courts have "related to" subject matter jurisdiction under the applicable statutes over litigation arising from a bankruptcy case if the "proceeding could conceivably affect the estate being administered in bankruptcy." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir.) (citation omitted), *cert. denied*, 552 U.S. 1022, 128 S.Ct. 613, 169 L.Ed.2d 393 (2007). "Related to" jurisdiction includes any litigation where the "outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." Shared facts do not create "related to" jurisdiction. *Feld v. Zale Corp.*, 62 F3d 746,753 (5th Cir. 1995); *In re Feifer Industries*, 141 B.R. 450,452 (Bunker. N.D. Ga. 1991). It is the relation of the dispute to the estate, and not of the party to the estate, that establishes "related to" jurisdiction. *In re Bass*, 171 F3d 1016, 1022 (5th Cir. 1999); *Feld*, 62 F3d at 753. Bankruptcy courts also do not enjoy "supplemental jurisdiction", whether ancillary jurisdiction or pendent jurisdiction. *Bass*, 171 F3d at 1023-1024; *In re Walker*, 51 F3d 562,569 (5th Cir. 1995).

11. In this action, the Debtor is attempting to assert that, because it pledged its collateral to BSA's debt, any subsequent conduct by GECU (whether authorized or not) creates "related to" subject matter jurisdiction. That is not the case. See *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002); *In re W.R. Grace & Co.*, 591 F.3d 164 (3rd Circ. 2009). While the Fifth Circuit has ruled that contractual indemnification rights <u>may</u> give rise to "related to" jurisdiction, it has never held that a pre-complaint pledge of collateral would do so. See *In re Stonebridge Techs, Inc.*, 430 F.3d 260, 261 (5th Cir. 2005); *Arnold v. Garlock, Inc.*, 288 F.3d 234 (5th Cir. 2002).

12. Subsequent to the filing of the Complaint in this matter, the U.S. Supreme Court has added a twist to the jurisdictional analysis, of which the Court is very aware. *Stern v. Marshall*, 131 S.Ct. 2594 (2011). As a result, in addition to the statutory analysis described above, the Court must ascertain, whether or not, as an Article I court, it has the jurisdiction to enter a final judgment on state law claims made by a non-debtor against one of Debtor's lenders. Based on the facts described above, this Court does not.

13. GECU does not consent to the entry of a final judgment by the bankruptcy court.

## **Failure to State a Claim**

14. Appellate review of a district court's dismissal for failure to state a claim under Rule 12(b)(6) is *de novo. Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Collins v.*

*Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir.2000). The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009).

15. GECU has no connection with Plaintiff Spira Sportswear, LLC and Spira Sportswear, LLC has not asserted a claim against GECU in this lawsuit.

16. As described above, BSA's complaints are (a) that GECU refused to provide it with a bridge loan, (b) that GECU refused to restructure its loan when requested to do so, and (c) that Arturo Moreno referred it to Grupo Arte for additional financing. Notably missing from the recitation of facts is any statement that GECU required BSA to borrow any money from Grupo Arte, much less on any specific terms and conditions. Also missing is any argument that GECU coerced BSA into borrowing money from Grupo Arte as a condition of obtaining additional financing. Last, BSA fails to allege what duty GECU had to provide it financing. The TAA and FCUA provisions cited by Plaintiffs in Counts 2 and 3 do not provide Plaintiffs with a private cause of action. They certainly do not provide a cause of action to entities which were not then seeking the services of GECU. FCUA requires GECU to act in the best interest of <u>all</u> of its members, not a single member.

17. Since BSA was not required to or coerced into borrowing from Grupo Arte, the conspiracy claim fails. Conspiring (which is denied) to make a referral does not give rise to a cause of action.

18. Last, the Debtor makes no complaint about any conduct of GECU towards it. Rather, it only asserts that the actions of GECU towards BSA will cause it harm because it pledged its assets to the BSA line of credit. That does not give rise to a cause of action.

19. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that will entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73; 104 S.Ct. 2229, 2232 (1984). Since Plaintiffs have not asserted a valid cause of action against this Defendant, and since this Defendant is not a party to the loans from Armando C. Moreno and/or Grupo Arte Capital Corp. that are the only issue in the suit, Plaintiffs have not stated a claim upon which relief can be granted and the Court should dismiss the lawsuit as to this Defendant.

20. Further, since the Debtor has no independent causes of action against GECU, the Court has no jurisdiction over the claims of the other Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant GOVERNMENT EMPLOYEES CREDIT UNION ("GECU") prays that Court enter an Order Dismissing GECU as a defendant in the above-referenced adversary proceeding, and for such other and further relief to which this Defendant shall show itself to be justly entitled.

DATED this 21st day of July, 2011.

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 (Fax)

By: _____
Harrel L. Davis III
State Bar No. 05567560
Attorneys for Defendant GECU

## CERTIFICATE OF SERVICE

I certify that on the 21st day of July, 2011, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the court's ECF noticing system or by regular first class mail:

Corey Haugland
P.O. Box 1770
El Paso, Texas 79949-1770

Grupo Arte Capital Corp.
510 E. University Ave.
El Paso, Texas 79902

Armando C. Moreno
510 E. University Ave.
El Paso, Texas 79902

Clyde A. Pine
P.O. Drawer 1977
El Paso, Texas 79950-1977

/s/ Harrel L. Davis III
Harrel L. Davis III