IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DHC REALTY, LLC. | § § | Cause No. 11-30977-hcm |
| Debtor, | § § § | |
| | § | |
| DHC REALTY, LLC, SPIRA SPORTSWEAR, LLC, AND BASIC SPORTS APPAREL, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 11-03012-hcm |
| GECU, ARMANDO C. MORENO and GRUPO ARTE CAPITAL CORP., | § § § § | |
| Defendants. | § § | |

**MOTION TO DISMISS OF ARMANDO C. MORENO
AND GRUPO ARTE CAPITAL CORP.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COME NOW, ARMANDO C. MORENO and GRUPO ARTE CAPITAL CORP (collectively "these Defendants"), moving to dismiss claims set forth in the Plaintiff's Original Complaint and Request for Injunctive Relief (the "Complaint") filed by DHC REALTY, LLC, SPIRA SPORTSWEAR, LLC, and BASIC SPORTS APPAREL, INC. (collectively "the Plaintiffs"), and would show as follows:

1. This Motion is brought pursuant to Rule 7012 of the Federal Rule of Bankruptcy Procedures, Local Rule 7012 of the United States Bankruptcy Court for the Western District of Texas and Federal Rule of Civil Procedure 12.

2. In the Complaint, Plaintiff Spira Sportswear, LLC brings claims against Grupo Arte Capital Corp, and Plaintiff Basic Sports Apparel, Inc. brings claims against each of these Defendants. These claims relate to various loans made to Plaintiff Spira Sportswear, LLC and Plaintiff Basic Sports Apparel, Inc. by these Defendants. Plaintiffs Spira Sportswear, LLC and Basic Sports Apparel, Inc. are not Debtors in this bankruptcy case. Importantly, no loan was ever made by any of these Defendants to the Debtor-Plaintiff DHC Realty, LLC and none of these Defendants had any relationships or transactions with Debtor-Plaintiff DHC Realty, LLC, as reflected by the silence thereto in the Complaint. Debtor-Plaintiff DHC Realty, LLC's claim against these Defendants is only for conspiracy.

3. Before getting into the merits of this adversary proceeding, this Court must first address the issue of subject matter jurisdiction. Gash v. Hartford Accident & Indem. Co., 491 F.3d 278,281 (5 thCir. 2007). Bankruptcy jurisdiction, like all federal jurisdiction, must be based in statute. In re Bass, 171 F.3d 1016, 1022 (5th Cir. 1999).

4. Pursuant to 28 U.S.C. 1334, this Court has exclusive subject-matter jurisdiction over cases under title 11, and non-exclusive subject-matter jurisdiction over cases arising in or related to cases under title 11. 28 U.S.C.A. 1334. The claims by Spira Sportswear, LLC and Basic Sports Apparel, Inc against these Defendants (the "Non-Debtor Claims") do not arise under title 11 of the United States Code, and do not arise in and are not related to this bankruptcy case of DHC Realty. The claim of Debtor DHC Realty, LLC against these Defendants, being only that for conspiracy (the "Debtor Claim") does not arise under title 11 of the United States Code, and does not arise in and is not related to this bankruptcy case.

5. "Arising under" jurisdiction refers to proceedings in which the claim is created by or based upon a provision of the Bankruptcy Code. Concerto Software, Inc. v. Vitaquest Int'l,

Inc, 290 B.R. 448,451 (D.Me. 2003). Stated otherwise, proceedings "arise under" title 11 if they involve a cause of the action created or determined by a statutory provision of title 11. In re Wood, 825 F2d 90,96 (5th Cir. 1987). Proceedings "arising in" title 11 are those not based on any right expressly created by title 11, but would nevertheless have no existence outside bankruptcy. Wood, 825 F2d at 96; Concerto Software, 290 B.R. at 451. "Related to" jurisdiction exists if the outcome of the proceeding on a claim could conceivably have an effect on the estate being administered in bankruptcy. Wood, 825 F2d at 93. Shared facts do not create "related to" jurisdiction. Feld v. Zale Corp., 62 F3d 746,753 (5th Cir. 1995); In re Feifer Industries, 141 B.R. 450,452 (Bunker. N.D. Ga. 1991). It is the relation of the dispute to the estate, and not of the party to the estate, that establishes "related to" jurisdiction. In re Bass, 171 at 1022; Feld, 62 F3d at 753. Bankruptcy courts also do not enjoy "supplemental jurisdiction", whether ancillary jurisdiction or pendent jurisdiction. Bass, 171 F3d at 1023-1024; In re Walker, 51 F3d 562,569 (5th Cir. 1995).

6.  The Non-Debtor Claims are not being brought by the Debtor, are based upon state law and not the Bankruptcy Code, are not created by title 11, could exist outside of this bankruptcy case, seek recovery for Non-Debtors only, would not increase or reduce the Debtor's assets or liabilities, would not have an effect on the bankruptcy estate in this case, and are not part of the same claim or controversy. Consequently, neither "arising under", "arising in", or "related to" jurisdiction exists with respect to the Non-Debtor Claims.

7.  The Debtor Claim is based upon state law, not the Bankruptcy Code, is not created by title 11, and could exist outside of this bankruptcy case. Consequently, neither "arising under", "arising in", or "related to" jurisdiction exists with respect to the Debtor Claim.

8. Subsequent to the filing of the Complaint in this matter, the U.S. Supreme Court has added a twist to the jurisdictional analysis, of which the Court is very aware. <u>Stern v. Marshall</u>, 131 S.Ct. 2594 (2011). As a result, in addition to the statutory analysis described above, the Court must ascertain, whether or not, as an Article I court, it has the jurisdiction to enter a final judgment on state law claims made by a non-debtor against one of Debtor's lenders. Based on the facts described herein, this Court does not.

9. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000). The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

10. These Defendants have no connection with the Debtor and the Debtor has no real claim against these Defendants in the lawsuit.

11. Debtor makes no complaint about any actual conduct of these Defendants towards it or that any conduct of these Defendants actually caused harm to Debtor, as opposed to the non-Debtor Plaintiffs. That does not give rise to a cause of action.

12. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that will entitle it to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73; 104 S.Ct. 2229,

2232 (1984). Since Plaintiffs have not asserted a valid cause of action against these Defendants, Debtor has not stated a claim upon which relief can be granted and the Court should dismiss the lawsuit as to these Defendants.

13. Therefore, this Court has no subject matter jurisdiction over the Non-Debtor Claims or the Debtor Claim. The Non-Debtor Claims and the Debtor Claim should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule of Procedure 7012. In addition, the Debtor Claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and incorporated by Bankruptcy Rules Procedure 7012.

WHEREFORE, PREMISES CONSIDERED, these Defendants request that this Court dismiss the Non-Debtor Claims against them, that this Court dismiss the Debtor Claim against them, that these Defendants be granted their court costs, and that these Defendants be granted such other and further relief to which they may be entitled to receive.

Respectfully submitted,

MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
Fax: (915) 541-1597

By: _____
Clyde A. Pine, Jr.
State Bar No. 16013460
Attorney for Armando C. Moreno and Grupo Arte Capital Corp

## CERTIFICATE OF SERVICE

I, Clyde A. Pine, Jr., hereby certify on this 14 day of July, 2011, a true and correct copy of the foregoing was served by hand delivery to Corey W. Haugland, James & Haugland, P.C., 609 Montana Avenue, El Paso, Texas 79902 and by hand delivery to Harrel L. Davis, Gordon, Davis, Johnson, Shane P.C., 4695 N. Mesa, El Paso, Texas 79912.

_____
Clyde A. Pine, Jr.