IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHC REALTY, LLC. | § | Cause No. 11-30977-hcm |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, SPIRA SPORTSWEAR, LLC, AND BASIC SPORTS APPAREL, INC., | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 11-03012-hcm |
| | § | |
| GECU, ARMANDO C. MORENO and GRUPO ARTE CAPITAL CORP., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COME NOW, ARMANDO C. MORENO and GRUPO ARTE CAPITAL CORP (collectively "these Defendants"), answering the Plaintiff's Original Complaint and Request for Injunctive Relief (the "Complaint"), filed by DHC REALTY, LLC, SPIRA SPORTSWEAR, LLC, AND BASIC SPORTS APPAREL, INC. (collectively "the Plaintiffs"), and would show as follows:

1.      Subject to the Motion to Dismiss filed by these Defendants, this answer is made.

2.      These Defendants admit the allegations contained in Paragraph 1 of the Complaint.

3.     These Defendants admit the allegations contained in Paragraph 2 of the Complaint.

4.     These Defendants admit the allegations contained in Paragraph 3 of the Complaint.

5.     These Defendants admit the allegations contained in Paragraph 4 of the Complaint.

6.     These Defendants admit the allegations contained in Paragraph 5 of the Complaint.

7.     These Defendants admit the allegations contained in Paragraph 6 of the Complaint.

8.     These Defendants deny the allegations contained in Paragraph 7 of the Complaint. To the extent there is found to be subject matter jurisdiction, these Defendants deny that the claims against it represent a "cure" proceeding and these Defendants do not consent to the entry of a final order or judgment by the bankruptcy judge.

9.     These Defendants deny the allegations contained in Paragraph 8 of the Complaint.

10.    These Defendants admit the allegations contained in Paragraph 9 of the Complaint.

11.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore deny the same.

12.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore deny the same.

13.    These Defendants deny that Arturo Moreno had any ownership interest in Grupo Arte Capital Corp deny, and the other allegations regarding Armando Moreno, contained in

Paragraph 12 of the Complaint, and lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 12 of the Complaint.

14.    These Defendants admit the allegations contained in Paragraph 13 of the Complaint.

15.    These Defendants admit the allegations contained in Paragraph 14 of the Complaint.

16.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore deny the same.

17.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore deny the same.

18.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore deny the same.

19.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore deny the same.

20.    These Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore deny the same.

21.    These Defendants admit the allegations contained in Paragraph 20 of the Complaint.

22.    These Defendants deny the allegations contained in Paragraph 21 of the Complaint.

23.    These Defendants deny the allegations contained in Paragraph 22 of the Complaint.

24.     These Defendants deny the allegations contained in Paragraph 23 of the Complaint.

25.     These Defendants deny the allegations contained in Paragraph 24 of the Complaint.

26.     These Defendants deny the allegations contained in Paragraph 25 of the Complaint.

27.     These Defendants deny the allegations contained in Paragraph 26 of the Complaint.

28.     These Defendants deny the allegations contained in Paragraph 27 of the Complaint.

29.     These Defendants deny the allegations contained in Paragraph 28 of the Complaint.

30.     These Defendants deny the allegations contained in Paragraph 29 of the Complaint.

31.     These Defendants deny the allegations contained in Paragraph 30 of the Complaint.

32.     These Defendants deny the allegations contained in Paragraph 31 of the Complaint.

33.     These Defendants deny the allegations contained in Paragraph 32 of the Complaint.

34.     These Defendants deny the allegations contained in Paragraph 33 of the Complaint.

35.  These Defendants deny the allegations contained in Paragraph 34 of the Complaint.

36.  These Defendants deny the allegations contained in Paragraph 35 of the Complaint.

37.  These Defendants deny the allegations contained in Paragraph 36 of the Complaint.

38.  These Defendants deny the allegations contained in Paragraph 37 of the Complaint.

39.  These Defendants deny the allegations contained in Paragraph 38 of the Complaint.

40.  These Defendants deny the allegations contained in Paragraph 39 of the Complaint.

41.  These Defendants deny the allegations contained in Paragraph 40 of the Complaint.

42.  These Defendants deny the allegations contained in Paragraph 41 of the Complaint.

43.  These Defendants deny the allegations contained in Paragraph 42 of the Complaint.

44.  These Defendants deny the allegations contained in Paragraph 43 of the Complaint.

45.  These Defendants deny the allegations contained in Paragraph 44 of the Complaint.

46.     These Defendants admit the allegations contained in Paragraph 45 of the Complaint.

47.     These Defendants admit the allegations contained in Paragraph 46 of the Complaint.

48.     These Defendants deny the allegations contained in Paragraph 47 of the Complaint.

49.     These Defendants deny the allegations contained in Paragraph 48 of the Complaint.

50.     These Defendants deny the allegations contained in Paragraph 49 of the Complaint.

51.     These Defendants deny the allegations contained in Paragraph 50 of the Complaint.

52.     These Defendants deny the allegations contained in Paragraph 51 of the Complaint.

53.     These Defendants deny the allegations contained in Paragraph 52 of the Complaint.

54.     These Defendants deny the allegations contained in Paragraph 53 of the Complaint.

55.     These Defendants deny the allegations contained in Paragraph 54 of the Complaint.

56.     These Defendants deny the allegations contained in Paragraph 55 of the Complaint.

57.     These Defendants deny the allegations contained in Paragraph 56 of the Complaint.

58.     These Defendants deny the allegations contained in Paragraph 57 of the Complaint.

59.     These Defendants deny the allegations contained in Paragraph 58 of the Complaint.

60.     This lawsuit was brought by Plaintiffs without compliance with the notice requirements of Section 305.006 of the Texas Finance Code.  Such notice was only given by the Plaintiffs on or about July 6, 2011.  Despite lack of a timely such notice, these Defendants have already made efforts to cure any alleged usury, and therefore entitled to the defenses under Section 305.006 of the Texas Finance Code.

61.     These Defendants reserve their right to amend or supplement this pleading as permitted by the Court.

WHEREFORE, PREMISES CONSIDERED, these Defendants pray that Plaintiffs take nothing against them, that they recover their court costs, and that they be granted such other and further relief to which they may be entitled to receive.

Respectfully submitted,

MOUNCE, GREEN, MYERS, SAFI, PAXSON
& GALATZAN
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
Fax: (915) 541-1597

By: _____

Clyde A. Pine, Jr.
State Bar No. 16013460
Attorney for Armando C. Moreno and Grupo Arte
Capital Corp

## CERTIFICATE OF SERVICE

I, Clyde A. Pine, Jr., hereby certify on this _____ day of July, 2011, a true and correct copy of the foregoing was served by hand delivery to Corey W. Haugland, James & Haugland, P.C., 609 Montana Avenue, El Paso, Texas 79902 and by hand delivery to Harrel L. Davis, Gordon, Davis, Johnson, Shane P.C., 4695 N. Mesa, El Paso, Texas 79912.

_____
Clyde A. Pine, Jr.