IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHC REALTY, LLC., | § | |
| | § | |
| Debtor, | § | |
| | § | |
| | § | Case No. 11-30977-hcm |
| | § | |
| DHC REALTY, LLC., SPIRA | § | |
| SPORTSWERE, LLC., and BASIC | § | |
| SPORTS APPAREL, INC., | § | |
| | § | |
| Plaintiffs,. | § | Adversary No. 11-03012 |
| | § | |
| v. | § | |
| | § | |
| GECU, ARMANDO C. MORENO and | § | |
| GRUPO ARTE CAPITAL CORP., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT GECU'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO ITS MOTION TO DISMISS

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Comes now GECU, defendant in the above-referenced Adversary Proceeding ("Defendant") and files this its Original Answer to Plaintiffs' Original Complaint ("Complaint"), and would respectfully show the Court as follows:

### I. Parties

1.  Defendant is without sufficient information to either admit or deny that Debtor DHC Realty, Inc. ("Debtor") is a limited liability company organized and existing under the laws of the State of Texas, and therefore, denies the same.

{1793.444/HDAV/06241122.1}

2. Defendant is without sufficient information to either admit or deny that Plaintiff Spira Sportsware, LLC ("Spira") is a limited liability company organized and existing under the laws of the State of Texas, and therefore, denies the same.

3. Defendant is without sufficient information to either admit or deny that Plaintiff Basic Sports Apparel ("BSA") is a corporation organized and existing under the laws of the State of Texas, and therefore, denies the same.

4. Defendant admits that it is a Texas state financial institution with a principal place of business at 1225 Airway Boulevard, El Paso, El Paso County, Texas.

5. Defendant admits that Armando Moreno resides in the El Paso County, Texas.

6. Defendant is without sufficient information to either admit or deny that Grupo Arte Capital Corp. ("Grupo Arte") is a corporation organized and existing under the laws of the State of Texas and that Grupo Arte maintains a principal place of business at 510 E. University Avenue, El Paso, El Paso County, Texas, and therefore, denies the same.

## II. Jurisdiction and Venue

7. Defendant denies that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b) and 11 U.S.C. §105.

8. GECU admits that venue is proper in El Paso County, but denies that it was involved in any usurious transactions or that it is a usury defendant.

## III. Facts

9. Defendant is without sufficient information to either admit or deny the statement made in Paragraph 9 of the Complaint that the Plaintiffs are related companies through direct shareholder ownership, and therefore, denies the same.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Complaint that on November 5, 2009 BSA held a meeting with Mr. Arturo Moreno and Mr. Martin Sena about obtaining a bridge loan. Defendant denies the allegation in Paragraph 12 that Mr. Arturo Moreno had the ability to make a bridge loan to BSA of up to $500,000 without going to the loan committee. Defendant further denies that Mr. Arturo Moreno had an ownership interest in Grupo Arte. Defendant is without sufficient information to either admit or deny the rest of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore, therefore denies the same.

13. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 13(a) – (d) of Plaintiffs' Complaint, and therefore, denies the same.

14. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same.

15. Defendant admits that in January 2011, the Debtor was in arrears on its 2009 and 2010 property taxes and that it was delinquent on its loans to GECU. GECU denies that there was a written agreement allowing the Debtor to remain in default. GECU agrees that it allowed the Debtor to remain no more than sixty (60) days in default. In return, the Debtor agreed to bring all of its loans and the property taxes current by the end of 2010.

16. GECU admits that BSA approached it about restructuring its line of credit loan. GECU does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 16 and, therefore, denies the same.

17. GECU admits that, among other reasons, because the Debtor had breached its agreement to bring its loans current, it denied BSA's restructure request. GECU denies the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint, referring to BSA obtaining a formula based $2 million line of credit from First Community Financial out of Arizona, and that BSA advised Armando Moreno about the same, and therefore, denies the same. GECU admits that it asked the Debtor to bring its loans current and that the Debtor rejected that request..

19. Defendant admits the allegations contained in Paragraph 19 of Plaintiffs Complaint referencing that, because they were in default, GECU sent BSA and Debtor a notice of default, demand for payment and a notice of intent to accelerate for the DHC and BSA loans. GECU admits that, in accordance with the language contained in its loan documents, it altered the interest rates on the loans in default. Defendant, however, denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

### IV. Count One
### Request for Injunctive Relief
### (Against GECU)

21. The allegations contained in Paragraph 21 of the Complaint do not require admission or denial.

22. Defendant admits that a bankruptcy Court may stay proceedings against non-debtors under 11 U.S.C. §105 in "unusual circumstances." Defendant denies the rest of the argument contained in Paragraph 22 of Plaintiffs' Complaint and would show the Court that the

facts in this case do not justify the entry of an injunction and the applicable case law does not permit it.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint and would show the Court that a Judgment against BSA, given the filing of the Debtor's chapter 11, does not injure the Debtor's property.

24. Defendant denies the allegations made in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations made in Paragraph 25 of Plaintiffs' Complaint.

26. Paragraph 26 of Plaintiffs' Complaint does not require admission or denial.

27. Paragraph 27 of Plaintiffs' Complaint does not require admission or denial.

28. Paragraph 28 of Plaintiffs' Complaint does not require admission or denial.

## V. COUNT 2 – Violation of Texas Administrative Code and Code of Federal Regulations (Against GECU)

29. Paragraph 29 of the Complaint does not require admission or denial.

30. Paragraph 30 of Plaintiffs' Complaint does not require admission or denial.

31. Paragraph 31 of the Complaint does not require admission or denial.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. GECU admits that, at all times relevant to this litigation, Arturo Moreno was a loan officer and that he is related to Armando Moreno.

34. Paragraph 34 of Plaintiffs' Complaint does not require admission or denial.

## VI. COUNT 3 – Breach of Fiduciary Duty (Against GECU)

35. Paragraph 35 of the Complaint does not require admission or denial.

36. Paragraph 36 of the Complaint does not require admission or denial.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint and would show the Court that the Debtor and Spira have no claim against GECU as a result of GECU's dealings with BSA..

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint and would show the Court that it had no duty or obligation to provide BSA with a bridge loan on any other financing. Further, Plaintiffs' Complaint does not assert that Arturo Moreno <u>directed</u> BSA to borrow from Armando Moreno or that Arturo Moreno had any involvement in the loans between BSA and Grupo Arte.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint and would show the Court that nowhere in Plaintiffs' Complaint does it allege that GECU referred any entity other than BSA to Armando Moreno or that it forced BSA to borrow any money from any third party. GECU further specifically denies that Plaintiffs are entitled to recover any damages.

40. Defendant denies that any of the actions complained of by Plaintiffs entitle them to seek or recover exemplary damages.

## VII. COUNT 4 – Declaratory Judgment
(Against GECU)

41. Paragraph 41 of Plaintiffs' Complaint does not require admission or denial.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint and would show that the loan documents speak for themselves.

## VIII. COUNT 5 – Usury
(Against Armando Moreno and Grupo Arte)

43. Paragraph 43 of Plaintiffs' Complaint does not require admission or denial.

44. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 44 of Plaintiffs' Complaint, and therefore, denies the same..

{1793.444/HDAV/06241122.1}

45. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 45 of Plaintiffs' Complaint, and therefore, denies the same.

46. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 46 of Plaintiffs' Complaint, and therefore, denies the same.

47. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 47 of Plaintiffs' Complaint, and therefore, denies the same.

48. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 48(a) – (d) of Plaintiffs' Complaint, and therefore, denies the same.

49. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 49 of Plaintiffs' Complaint, and therefore, denies the same.

50. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 50 of Plaintiffs' Complaint, and therefore, denies the same.

51. Defendant is without sufficient information to either admit or deny the allegations made in Paragraph 51 of Plaintiffs' Complaint, and therefore, denies the same.

## IX. COUNT 6 – Respondeat Superior
### (Against GECU)

52. The allegations contained in Paragraph 52 of the Complaint do not require admission or denial.

53. Defendant denies the allegations made in Paragraph 53 of Plaintiffs' Complaint and would show the Court that allegations of Respondeat Superior does not give rise to an independent cause of action.

## X. COUNTY 7 - Conspiracy
### (Agaisnt All Defendants)

54. The allegations contained in Paragraph 54 of the Complaint do not require admission or denial.

{1793.444/HDAV/06241122.1}

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Plaintiffs' Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Plaintiffs' Complaint.

58. Paragraph 58 of the Plaintiffs' Complaint does not require admission or denial, but would show the Court that Plaintiffs are not entitled to recover anything from GECU.

59. GECU specifically denies that this Court has jurisdiction over this adversary proceeding and GECU does not consent to the entry of a final Order by this Court.

60. GECU asserts that all claims alleged in the Plaintiffs' Complaint are subject to a valid arbitration agreement.

61. GECU denies that any Plaintiff has alleged a viable cause of action against it.

62. GECU specifically denies that the provision of the TAA or the FCUA provide Plaintiffs with a private cause of action.

WHEREFORE, GECU, prays that, upon final hearing, this Court

1. Dismiss Plaintiffs' claims with prejudice

2. Deny Plaintiffs' the recovery they seek

3. Award GECU its costs and attorneys' fees and

4. Grant GECU such other and further relief as is just and proper.

DATED this 21st day of July, 2011.

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 (Fax)

By: /s/ Harrel L. Davis III
Harrel L. Davis III
State Bar No. 05567560
Salena K. Ayoub
State Bar No. 24036166
Attorneys for Defendant GECU

## CERTIFICATE OF SERVICE

I certify that on the 21st day of July, 2011, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the court's ECF noticing system or by regular first class mail:

| | |
|---|---|
| Corey Haugland<br>P.O. Box 1770<br>El Paso, Texas 79949-1770 | Armando C. Moreno<br>510 E. University Ave.<br>El Paso, Texas 79902 |
| Grupo Arte Capital Corp.<br>510 E. University Ave.<br>El Paso, Texas 79902 | Clyde A. Pine<br>P.O. Drawer 1977<br>El Paso, Texas 79950-1977 |

/s/ Harrel L. Davis III
Harrel L. Davis III

{1793.444/HDAV/06241122.1}