**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 10, 2011.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11-30977-hcm |
| DHC REALTY, INC. | CHAPTER 11 |
| Debtor. | |
| DHC REALTY, LLC;<br>SPIRA SPORTSWEAR LLC;<br>and BASIC SPORTS APPAREL, INC.<br>    Plaintiffs, | |
| v. | Adversary No. 11-03012-hcm |
| GECU; ARMANDO C. MORENO; and<br>GRUPO ARTE CAPITAL CORP.,<br>    Defendants. | |

### ORDER GRANTING MOTIONS TO DISMISS

On August 10, 2011, the Court conducted a hearing on the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (dkt no. 20) filed by Defendant Government Employees Credit Union ("GECU"), and the Motion To Dismiss (dkt no. 21) filed by Defendants Armando C. Moreno and Grupo Arte Capital Corp. (collectively "Motions"). After considering the Motions, the Responses thereto filed by

1

Plaintiffs, the allegations in Plaintiffs' Original Complaint and Request For Injunctive Relief ("Complaint"), and the statements and arguments of counsel, the Court finds that the Motions should be granted to the extent set forth below for the reasons stated on the record at the hearing on August 10, 2011.

ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Count Nos. 2, 3, 5, 6, and 7 of Plaintiffs' Complaint against Defendants are dismissed for lack of subject matter jurisdiction in this Court. Such dismissal is not an adjudication on the merits of the causes of action alleged in such Counts and is without prejudice to Plaintiffs' right to bring such causes of action in a court of competent jurisdiction.

2. Count No. 4 of Plaintiffs' Complaint, to the extent that it requests declaratory relief as to whether GECU is entitled to raise interest rates or charge interest on loans made by GECU to the Plaintiff Debtor DHC Realty LLC ("Debtor") and to raise interest rates or charge interest on liens or claims against property of Debtor, is dismissed without prejudice to the Debtor's right to file objections to the proofs of claim filed by GECU in the Debtor's bankruptcy case. Count No. 4 of Plaintiffs' Complaint, to the extent that it requests declaratory relief as to whether GECU is entitled to raise interest rates or charge interest on loans made by GECU to Plaintiff Basic Sports Apparel, Inc. ("BSA"), is dismissed for lack of subject matter jurisdiction in this Court. Such dismissal is not an adjudication on the merits of the cause of action alleged in such Count by BSA and is without prejudice to BSA's right to bring such cause of action in a court of competent jurisdiction.

3. Count No. 1 of Plaintiffs' Complaint, to the extent that it seeks injunctive relief against GECU regarding charging of interest to the Debtor or foreclosing on property of the Debtor, is denied; as the automatic stay of 11 U.S.C. § 362 already enjoins any such actions by GECU against the Debtor and property of the Debtor. Count No. 1 of Plaintiffs' Complaint, to the extent that it seeks injunctive relief against GECU regarding charging of interest or taking action against BSA, is dismissed for lack of subject matter jurisdiction in this Court.

    Such dismissal for lack of subject matter jurisdiction is not an adjudication on the merits of the injunctive relief sought in Count No. 1 by BSA and is without prejudice to BSA's right to seek such injunctive relief in a court of competent jurisdiction.

4. The Clerk is directed to close this adversary proceeding, as this Order disposes of all claims and causes of action of all Plaintiffs against all Defendants on the basis set forth herein.

# # #